IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHANNON EAVENSON,

    Plaintiff,

vs.                              No. CIV. 00-757 JP/WWD

PUBLIC SERVICE COMPANY OF
NEW MEXICO,

    Defendant,

## MEMORANDUM OPINION AND ORDER

On August 29, 2000, Plaintiff filed a Motion for Remand and 28 U.S.C. § 1447(c) Attorney Fees.  (Doc. No. 10).  Having reviewed the briefs and relevant law, the Court finds that the motion for remand and attorney's fees will be DENIED.

**I.  Background**

On April 28, 2000 Plaintiff filed his amended complaint in the Second Judicial District Court, County of Bernalillo, State of New Mexico stating causes of action for retaliatory discharge, assault, battery, prima facie tort, intentional infliction of emotional distress, and tortious interference with contractual relations or prospective advantage. Notice of Removal (Doc. No. 1), filed May 25, 2000,  Ex. E at 1-6.  All of these causes of action arose out of a series of alleged acts of sexual harassment committed against Plaintiff by employees of Defendant Public Service Company of New Mexico in the workplace, and Defendant's handling of the situation. Id. at 1-2.

1

Plaintiff prayed for compensatory damages for lost wages and benefits, both past and future, for lost opportunities for future employment and promotion, for mental and emotional distress, humiliation and damage to reputation.  Id. at 7.  Plaintiff also requested an award of punitive damages, attorneys fees, and pre- and post-judgment interest.  Id.  In addition to Plaintiff's monetary claims, Plaintiff requested that the state court grant an injunction against Defendant and its agents enjoining them from discriminating against Plaintiff and other similarly situated persons, and a declaratory judgment declaring Defendant's acts violated the United States Constitution and the Equal Employment Opportunity Act.  Id.

On May 24, 2000 Defendant removed the action to this Court based on federal question jurisdiction.  Doc. No. 1 at 1.  Defendant asserts that because Plaintiff requested an injunction enjoining Defendant from "discriminating" and a declaratory judgment based on Defendant's alleged violation of the United States Constitution and the laws of the United States, the federal courts have original jurisdiction under 28 U.S.C. § 1331.  Defendant further asserts that because Plaintiff belongs to a union, the members of which have the terms and conditions of their employment governed by a collective bargaining agreement (CBA), his state law claims involving matters subject to grievance under the CBA are preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, in so far as Plaintiff did not pursue his grievances with the union or exhaust his administrative remedies.  Id. at 1-2.  Defendant also suggests, without citing authority, that because Plaintiff's claims for lost pay and attorney's fees are not available at common law, removal is appropriate.  Id. at 2.

Plaintiff retorts that all of the claims listed in the complaint are state law claims and that this Court lacks subject matter jurisdiction because there is no federal question. Id. at 2. Plaintiff argues that § 301 of the Labor Management Relations Act does not preempt his state law claims because they are based on obligations and rights that exist independent of the CBA and because the claims do not require analysis or interpretation of the CBA. Pl.'s Mem. in Supp. of Mot. for Remand and Section 1447(c) Att'ys Fees (Doc. No. 11) at 2, filed Aug. 29, 2000. Plaintiff contends that, while his complaint prays for relief based on federal and constitutional claims, because those claims "closely parallel" the state law claims and those claims are the "sole basis relied upon by Plaintiff for relief," no federal question is presented. Id. at 6. Plaintiff also states that the request for declaratory judgment was a "misprint," and that he would consent to striking the references to the United States Constitution and federal law. Doc. No. 1 at 7.

## II.     Discussion

### A.     *Plaintiff raises federal question jurisdiction on face of complaint.*

A defendant may remove a case from state to federal court if the matter properly could have been brought by the plaintiff in federal court in the first place. Thus, if a plaintiff's complaint presents either a federal question or indicates the existence of diverse citizenship among parties, the case may be removed to federal court. In this case, Defendant argues that removal was proper because Plaintiff raises federal questions in his complaint. Defendant claims that these federal questions arise from: 1) Plaintiff's request for a declaratory judgment that Defendant's actions violated the United States Constitution and the "Equal Employment Opportunity Act,"[1] 2) Plaintiff's request for "other relief for alleged 'discrimination', which is only available under the

---

[1] The Court assumes that Plaintiff is referring to 42 U.S.C. § 2000(e), et seq.

federal statutes . . . not under the state law claims asserted," and 3) preemption of Plaintiff's state law claims by § 301 of the Labor Management Relations Act.  Doc. No. 12 at 2.  The Court finds that federal question jurisdiction exists because of Plaintiff's request for declaratory judgment and other relief resulting from Defendant's alleged violation of federal law.

The presence or absence of federal question jurisdiction in any specific case is governed by the well-pleaded complaint rule.  This rule states that a complaint originally filed in state court cannot be removed to federal court unless federal jurisdiction appears from the face of a "well-pleaded complaint."  Gully v. First National Bank, 299 U.S. 109 (1936);  Louisville v. Mottley, 211 U.S. 149 (1908).   The rule has been stated by the Supreme Court as follows:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10 (1983) (quoting Taylor v. Anderson, 234 U.S. 74,  75-76 (1914)).

Under the well-pleaded complaint rule, the Plaintiff may avoid federal jurisdiction by exclusive reliance on state law in his complaint.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Despite his best arguments, Plaintiff in this case did not rely exclusively on state law in his complaint.  In his amended complaint, Plaintiff specifically requests the court to issue a "declaratory judgment declaring that Defendant PNM's policy of inadequate enforcement or of retaliation for participation in laws and policy dealing with allegations of sexual harassment is violative of the Constitution of the United States and the Equal Employment Opportunity Act."  Doc. No. 1, Ex. E at 7.  Plaintiff argues that his request for declaratory judgment based on the

4

United States Constitution and laws was a "misprint" and that all other claims are based solely on state law. Reply to Def.'s Resp. to Mot. to Remand, filed Aug. 29, 2000 (Doc. No. 13) at 1. However, this argument is belied and is contradicted by other references to federal law in Plaintiff's amended complaint.

In Count One Plaintiff bases his claim of retaliatory discharge on "protections guaranteed him by state and federal law" and then indicates that Defendant had taken retaliatory actions contrary to "the law." Doc. No. 1, Ex. E at 3. In addition to this explicit reference to "federal law," Plaintiff's request for an award of lost pay and other compensation "he would have received but for the discrimination" may be read to include a request for damages resulting from Defendant's violation of federal law.[2] Doc. No. 1, Ex. E at 7.

Plaintiff's assertion that no federal question is presented because his federal claims "closely parallel" his state claims, likewise, lacks merit. Doc. No. 11 at 2. The similarity of Plaintiff's federal law and state law claims in no way negates the existence of the federal claims. Removal was proper because of those federal claims and the Court maintains jurisdiction over any pending state law claims under 28 U.S.C. § 1441(c).[3]

---

[2] Defendant also argues that "these damages are not recoverable in actions seeking only common law relief." Since Defendant has provided no authority for this argument, the Court declines to address it. Def.'s Resp. to Pl.'s Mot. for Remand and for Section 1447(c) Att'ys Fees (Doc. No. 12) at 3, filed Aug. 29, 2000.

[3] 28 U.S.C. § 1441(c) states that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

Having found that Plaintiff's complaint, on its face, raises federal questions that justify removal, the Court need not proceed to Defendant's third contention, that § 301 of the Labor Management Relations Act preempts Plaintiff's claims. However, in the interest of avoiding further proceedings on the question of removal jurisdiction in this case, the Court will address the issue.

> B.  *Plaintiff's claims for retaliatory discharge and prima facie tort are preempted by § 301 of the Labor Management Relations Act.*

In its Notice of Removal, Defendant asserts that because Plaintiff was a member of a union "who's [sic] terms and conditions of employment were governed by a [CBA]," § 301 of the Labor Management Relations Act preempts Plaintiff's claims, at least to the extent that Plaintiff failed to exhaust his administrative remedies under the CBA. Doc. No. 1 at 1-2. Defendant claims that § 301 completely preempts any and all state-law causes of action "for violation of contracts between an employer and a labor organization." Doc. No. 12 at 7 (quoting Caterpillar, 482 U.S. at 398-99). While this is a correct statement of the law, where a complaint does not explicitly state a claim arising out of the CBA further analysis is necessary to determine whether the claims are preempted in their entirety. See United Ass'n of Journeymen & Apprentices of the Plumbing & Pipe Fitting Indus. of the U.S. and Canada, Local No. 57 v. Bechtel Power Corp., 834 F.2d 884, 887-88 (10th Cir.1987).

Defendant makes reference to only two of Plaintiff's causes of action in its argument for complete preemption by federal law. The Court interprets this to mean that Defendant contends that Plaintiff's claims for retaliatory discharge and prima facie tort alone are preempted by federal law, and that Plaintiff's other causes of action are not. Doc. No. 12 at 7.

Defendant asserts that Plaintiff's causes of action against Defendant for retaliatory discharge and prima facie tort are preempted by § 301 because the CBA "provides an exclusive grievance and arbitration procedure" that Plaintiff failed to follow. Id. at 7-8. Defendant also contends that Plaintiff's claims "expressly allege[] violations of the terms and conditions of Plaintiff's employment . . . based upon retaliatory and constructive discharge and Defendant's alleged failure to properly investigate his internal complaints, and Defendant's . . . subjecting [Plaintiff] to intolerable working conditions." Id. at 10. Defendant states that because the duties of employees and employer, as well as the grievance and arbitration procedures are spelled out in the CBA, a determination on these issues will necessarily involve an interpretation of pertinent sections of the CBA. As a result, Defendant argues, this case falls under the rule stated by the Supreme Court in Allis-Chalmers Corp. v. Lueck that "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim . . . or dismissed as pre-empted by federal labor-contract law." 471 U.S. 202, 220 (1985)(internal citation omitted).

In Lueck, the Court ruled that the Plaintiff's state law claim for bad faith handling of an insurance claim under a disability plan included in a CBA should have been dismissed for failure to make use of the grievance procedure or as preempted by § 301 because the rights asserted by the plaintiff/employee and the duties attributed to the defendant/employer were rooted in the employment contract. 471 U.S. at 220. In that case "the duties imposed and rights established through the state tort . . . derived from the rights and obligations established by the contract . . . [and] any attempt to assess liability . . . inevitably [would] involve contract interpretation." Id. at 216.

7

The Lueck Court further reasoned that the case should have been dismissed because the plaintiff failed to make use of the grievance procedure established in the CBA. Id. at 220. The Court held that under § 301, "the arbitrator, not the court, . . . [had] the responsibility to interpret the labor contract in the first instance." Id. It further determined that allowing the plaintiff to bring his case directly in state court undermined the central reasons for the preemptive effect of the Act. Id. The Supreme Court's more recent decision in Hawaiian Airlines, Inc. v. Norris, refines this ruling. 512 U.S. 246 (1994).

In Norris, the Supreme Court ruled that "the most natural reading of the term 'grievances' in this context is as a synonym for disputes involving the application or interpretation of a CBA." Id. at 252. The Court went on to state that claims involving only factual questions relating to an employee's conduct or an employer's actions or motives did not require an interpretation of the CBA. Id. at 255; see also Lingle v. Norge Division of Magic Chef, Inc. 486 U.S. 399, 407 (1988).

Under the Lueck and Norris opinions, if Plaintiff in this case shows that his causes of action for retaliatory discharge and prima facie tort involve only factual questions that do not require interpretation of the CBA, his state law tort actions are not preempted by federal law. However, the court must bear in mind that "[p]laintiffs ... often attempt[] to avoid federal jurisdiction under § 301 by framing their complaints in terms of such diverse state law theories as wrongful discharge, intentional infliction of emotional distress, conspiracy, and misrepresentation." Bechtel Power Corp., 834 F.2d at 887-88. The Tenth Circuit has rejected this practice, stating that "federal courts look beyond the allegations of the complaint, often to the petition for removal, to determine whether the wrong complained of actually arises in some

manner from a breach of the defendants' obligations under a collective bargaining agreement." Id. at 888.

In Johnson v. Beatrice Foods Co., the Tenth Circuit held that an employee's claim of intentional infliction of emotional distress against his former employer was preempted by the Labor Management Relations Act because each of the employee's allegations, which included harassment, verbal abuse, suspension, discharge and work related disputes, directly related to either explicit or implied rights derived from a CBA, and the employee could have used the CBA grievance procedure for any of the allegations. 921 F.2d 1015, 1022 (10th Cir. 1990). The Johnson court acknowledged that other circuits have ruled differently and that by limiting the plaintiff to the CBA, it would be eliminating some of the choices he would otherwise have had under state law, but defended the ruling on the grounds that to do otherwise would "controvert congressional intent to have 'doctrines of federal labor law uniformly . . . prevail over inconsistent local rules.'" Id. at 1022 (quoting Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co., 369 U.S. 95 (1962)). It is clear that the CBA governing the parties' relationship in this case explicitly defined Plaintiff's and Defendant's duties with reference to one another, including the procedure to follow when disputes arose. Taking Johnson's broad view of the preemption power of § 301 into account, and realizing that the conduct complained of by both the Johnson plaintiff and Plaintiff in this case are very similar, I conclude that Plaintiff's state law claims of retaliatory discharge and prima facie tort are preempted.

The Supreme Court's test for § 301 preemption stated in Lueck as applied to New Mexico law in this case supports this conclusion. In Lueck, the Court indicated that if the plaintiff's claims are for violation of nonnegotiable state law rights that are legally independent of any right

9

established by the CBA, then they are not preempted.  Lueck, 471 U.S. at 213-14; Caterpillar, 482 U.S. at 394-95.  If, however, the claims are substantially dependent on analysis of the CBA or are inextricably intertwined with interpretation of the CBA's terms, then the claims are preempted.  Id.

Under New Mexico common law, the claim for retaliatory discharge requires an employee to show that he was discharged because he performed an act that public policy authorizes or encourages.  Weidler v. Big J Enterprises, 124 N.M. 591, 597, 953 P.2d 1089, 1095 (Ct. App. 1997).  While Plaintiff attempts to convince the Court that retaliatory discharge constitutes a state claim, the determination of which would rest on independent state grounds and would not require substantial interpretation of the CBA, his arguments fall short of convincing.  Plaintiff's retaliatory discharge claim  requires the fact finder to determine whether the employee was discharged, and whether the employer discharged him in retaliation for the performance of an act that public policy authorized or encouraged, and not for some other reason.  Because the act for which Plaintiff claims retaliatory discharge was complaining to his employer, litigating that claim will necessarily involve review of the CBA with respect to the express and implied rights and duties of both employer and employee, as well as the grievance procedures contained therein.[4]

As to the Plaintiff's claim for prima facie tort, the elements of the cause of action are:  (1) defendant's lawful but intentional act;  (2) defendant's intent to injure the plaintiff;  (3) injury to

---

[4] The Court notes that some circuit courts of appeal have held that a state law tort claim of retaliatory discharge is not preempted by § 301.  See Martin Marietta Corp. v. Maryland Com'n on Human Relations, 38 F.3d 1392 (4th Cir. 1994); Jones v. Roadway Exp., Inc., 931 F.2d 1086 (5th Cir. 1991); Magerer v. John Sexton & Co., 912 F.2d 525 (1st Cir. 1990). However, this district court must follow the Tenth Circuit's ruling in Johnson.

the plaintiff; and (4) no justification for defendant's acts. Id. at 394, 785 P.2d at 734. In order to resolve this claim, the Court will certainly be required to review and interpret the CBA in order to decide whether or not Defendant's acts were justified under the CBA.

Plaintiff's reliance on Self v. United Parcel Service, Inc. to bolster his argument that his claims do not require interpretation of the CBA or a decision that might shape the common law concerning the collective bargaining process is unpersuasive. (Doc. No. 11) at 2-3 (citing 126 N.M. 396, 970 P.2d 582 (1998)). In that case, the plaintiffs made claims under New Mexico statutes. Id.; see also Wheeler v. Furr's Inc., 620 F.Supp. 14 (D.N.M. 1985) (finding that a plaintiff's cause of action alleging breach of state statutory law was not preempted by the Labor Management Relations Act and that the plaintiff was not barred from preceding in state court by failure to follow grievance procedures). Unlike the plaintiffs in Self and Wheeler, Plaintiff in this case rests his claims on his constructive discharge, which allegedly resulted from Defendant's failure to remedy situations about which Plaintiff complained and Defendant's retaliatory actions. The plaintiffs in Self and Wheeler did not complain about the essence of the CBA: the conditions of Plaintiff's employment and its termination. These claims directly relate to Defendant's and the Plaintiff's rights and duties under the CBA, including the grievance process. To allow Plaintiff in this case to proceed in state court on these issues would frustrate the goal delineated in Lueck and Johnson of retaining federal control over cases that require interpretation of the CBA and/or those cases in which the decision might shape the common law concerning the collective bargaining process. As a result, the Court necessarily finds that Plaintiff's claims for retaliatory discharge and prima facie tort are preempted by § 301 of the Labor Management Relations Act.

### C.     *Dismissal of federal causes of action.*

Plaintiff has indicated his willingness to dismiss his federal claims on the condition that his remaining state claims be remanded to state court. Plaintiff's state retaliatory discharge and <u>prima facie</u> tort claims are, however, preempted by the Labor Management Relations Act and so could not be entertained by a state court. Consequently, the proper jurisdiction in which to bring these claims is in federal court with the federal court exercising supplemental jurisdiction over the other state claims.

## III.    Conclusion

Because Plaintiff's amended complaint states federal causes of action on its face and because Plaintiff's state law claims for retaliatory discharge and <u>prima facie</u> tort are preempted by § 301 of the Labor Management Relations Act, the Court finds that this action was properly removed to federal court. Further, having determined that the core factual issues in this case require analysis and interpretation of the rights and duties of the parties under the collective bargaining agreement, the Court will exercise jurisdiction over this case even if Plaintiff dismisses the federal claims discussed in this opinion. Because the motion for remand is denied, Plaintiff's motion for attorney fees under 28 U.S.C. § 1447(c)[5] is also denied.

---

[5] "An order remanding the case may require payments of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (1994).

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Remand and 28 U.S.C. § 1447(c) Attorney Fees is denied.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**